IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                     No. CIV S 11-2742 KJM EFB

       vs.

JAMES LAURENCE HEIDERMAN,
et al.,                   .             ORDER

        Defendants

                             /

        Plaintiff filed his complaint on October 18, 2011 naming James Laurence Heiderman, Carl J. Hickey and Lois C. Hickey as defendants. ECF No. 1. On November 21, 2011 and January 5, 2012, plaintiff filed notices that the summonses had not been executed. ECF Nos. 5 & 6.

        On March 6, 2012, the court directed plaintiff to show cause why this action should not be dismissed in light of plaintiff's failure to effect service. ECF No. 8. Later that same day, plaintiff filed a notice that the parties had reached a settlement and would file dispositional documents within twenty days. He did not identify the parties to the settlement. ECF No. 9.

/////

On March 22, 2012, plaintiff responded to the court's order to show cause. He said he sent a process server to the Hickeys' home but that Lois Hickey would not open the door. He does not describe any further attempts to serve the Hickeys and does not mention defendant Heiderman at all. ECF No. 11.

Since March 22, plaintiff has sought and obtained two extensions of time to file dispositional documents, saying that the parties "are in the process of settling" the case, despite his earlier claim that the case had settled. *Compare* ECF No. 9 *with* ECF Nos. 12 and 14. He has now requested a third extension of time, again claiming that the parties are in the process of settling the case. ECF No. 16. Plaintiff has never identified the defendants who are settling with him and he has not provided proof of service of his extension requests on any defendants.

Under Rule 4(m) of the Federal Rules of Civil Procedure, service on defendants must be made within 120 days of the filing of the complaint. Service of process is the mechanism by which a court "acquires the power to enforce a judgment against the defendant's person or property." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (internal quotation, citation omitted). If a plaintiff does not show good cause for failure timely to effect service, the court has the discretion to dismiss the complaint. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). It is plaintiff's burden to demonstrate good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "At a minimum, 'good cause' means excusable neglect." *Full Circle Sales, Inc. v. Organic Alliance, Inc*., No. 10-CV-01615 LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010).

Here, plaintiff has said only that Mrs. Hickey refused to open the door to his process server and does not address other methods of service available to him. *See* FED. R. CIV. P. 4(e)(1). He does not discuss any attempts to serve defendant Heiderman. He has not shown good cause for his failure timely to serve defendants.

The fact that some unidentified defendants may be in settlement negotiations with plaintiff may suggest that certain defendants have not been prejudiced by plaintiff's failure to

1  serve. Neither the defendants' actual knowledge of the suit nor the absence of prejudice to them
2  is sufficient to establish good cause, however. *Despain v. Salt Lake Area Metro Gang Unit*, 13
3  F.3d 1436, 1438-39 (10th Cir. 1994), *superseded by Rule on other grounds as stated in Lorenzen*
4  *v. United States*, 236 F.R.D. 553 (D. Wyo. 2006).

5       Despite plaintiff's having not demonstrated good cause for his failure to serve
6  defendants, this court could exercise discretion to extend time for service. *Efaw v. Williams*, 473
7  F.3d 1038, 1041 (9th Cir. 2007). That plaintiff is involved in settlement negotiations is one
8  factor the court considers, but this court does not find it determinative here, taking into account
9  all the circumstances. *See Full Circle Sales, Inc*, 2010 WL 3324707, at *1. Plaintiff first
10 represented to the court that the case had settled, but has now sought a third extension,
11 explaining that he is "in the process" of settling with unidentified defendants who have not made
12 any appearance. As with his inadequate attempts to serve, plaintiff's inconsistent representations
13 about the progress or status of settlement in this case do not support providing him further time
14 to pursue this action.

15      IT IS THEREFORE ORDERED that:

16      1. This action is dismissed without prejudice; and

17      2. Within three days of the date of this order, plaintiff shall file a proof of service
18 showing he has served a copy of this order by mail on all named defendants.

19 DATED: May 31, 2012.

                                        UNITED STATES DISTRICT JUDGE